® 7:12.CV00479

United States District Court
Western District of Virginia
Roanoke Division

CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED
OCT 09 2012
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

Jacob Shouse, No. 1101441,
    Plaintiff,

v.

David Bohem, Ella Davison, and Tammy Jones,
    Defendants,

Jury Trial Demanded

## Complaint

This is a civil rights action filed by Jacob Shouse, a state prisoner for damages and injunction relief under 42 U.S.C. § 1983, alleging denial of Mental Health Treatment and excessive use of force and denial of medical care all in violation of the Eighth Amendment to the United States Constitution, conditions of confinement as well, in violation of the 8th amendment.

## Jurisdiction

1) This court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331(1) and 1343

## Parties

2) The plaintiff, Jacob Shouse, was incarcerated

—1—

at Marion Correctional and Treatment Center (MCTC) during the events described in this complaint.

3) Defendant David Bevan is the Warden at MCTC and is in charge of supervision and operation and supervision of all staff at MCTC. He is sued in his individual capacity.

4) Defendant Ella Davison is a Registered Nurse and is the Director of Nursing and is charge of supervision and discipline of all medical staff at MCTC. She is sued in her individual capacity.

5) Defendant Tammy Jones is a Family Nurse Practitioner and is in charge of giving medical care to all prisoners. She is sued in her individual capacity.

## Facts

6) Plaintiff was housed at MCTC twice in the last year. August to September, 2011, and from June to September 2012.

7) His entire stay, committed by special justice, was served in long-term segregation/isolation.

8) Both commitments were because plaintiff was deemed suicidal and an imminent risk to himself in need of acute mental health

-2-

treatment since he attempted suicide and other self-injurious acts and being mentally ill.

9) Plaintiff is a custody/security level 5 or 6, meaning he's in segregation long term.

10) In late 2007 or early 2008 MCTC implemented institutional policy that all Level 5 or 6 prisoners must remain in segregation/isolation their entire stay; therefore, unable to receive adequate mental health treatment, P.E., school, groups, etc.

11) The only treatment available in segregation at MCTC is forced medication, speaking to a Qualified Mental Health Professional (QMHP) up to two or three minutes each day and a Treatment team Review meeting for five to fifteen minutes monthly. No therapy, treatment-groups, etc. as others with lower security levels receive.

12) In segregation/isolation at MCTC with lack of adequate Mental Health treatment the plaintiff became more suicidal, further self-injurious and in a worse mentally ill condition.

13) In August 2012 (and at relevant dates before which plaintiff cannot recall) plaintiff was present at the Institutional Classification Authority hearing and asked to go to the treatment population

—3—

and was denied due solely to his security level.

14) The conditions of confinement in segregation at MCTC is inhumane.

15) At all times relevant to this complaint the plaintiff was forced to sleep on the floor and sometimes for several days with no mat. The cell had no bed, no sink/water, unable to flush his toilet and open holes/cracks in his windows.

16) The facility is so old the windows fall apart allowing the suicidal plaintiff to break glass and swallow window screws.

17) Spiders and insects fill the segregation unit.

18) Sensory overload and sensory deprivation torture is tactical strategy at MCTC, the prisoners cannot have social interactions while in segregation.

19) MCTC has implemented a new practice of intimidation while conducting injections. They suit up in riot gear, complete with electric shock shields and tear gas just to intimidate prisoners to adhere to injection administration regardless of the plaintiff/prisoner accepts or is not forced medicated.

20) Plaintiff complained to defendant Tammy Jones that he could not urinate on several occasions from June through September 2012 and the defendant would procrastinate and delay

—4—

medical treatment until the plaintiff is laying on the floor crying in pain, bladder fully distended. When cathed plaintiff urinated bloodclots, this occured for several weeks.

21) Plaintiff reported this to defendant Ella Davison and she said she did not believe the plaintiff, that defendant Jones and her nurses are professional.

22. Plaintiff reported this several time to no avail, to defendant Ella Davison

23) Plaintiff has exhausted all his administrative remedies, as they were made available to him, for all facts (from 2011 to 2012) relevant to this complaint.

## Claims for Relief

24) The actions and discrimination of security kurts by defendant Bohrn's failure to intervene in the inadequate mental health treatment to plaintiff + all kurd S or 6 prisoners constitutes a violation of the 8th amendment of the U.S. Constitution.

24) The cruel and unusual conditions of confinement and excessive use of force implemented by MCTC is a violation of the 8th

-5-

amendment of the U.S. constitution.

25) The actions of defendants Jones and Davison of failure to provide adequate medical care and failure to intervene constituted cruel and unusual punishment in violation of the 8th amendment of the U.S. constitution.

## Relief Requested

WHEREFORE, plaintiff request the court grant the following relief:

A. Issue a declaratory judgment stating that:

1) The policy of not letting level 5 or 6 prisoner enter the treatment population to receive all treatment services violates the plaintiff's and other prisoner's rights under the 8th amendment to the U.S. Constitution. And failure to curb this action is the same.

2) That defendant Bohm should take a new approach in housing level 5 or 6 prisoners.

B. Issue an injunction ordering defendant Bohm to implement new institutional policy that allows all security levels to receive the same mental health services and eliminate the use of segregation/isolation for mentally ill prisoners based solely on their security levels.

—6—

C. Award compensatory damages in the following amounts:

1) $5,000 jointly and severally against all defendants for the emotional injury and physical injury to the plaintiff for the denial of adequate Mental Health and Medical care.

D. Award punitive damages in the following amount:

1) $1,000 against the three defendants.

E. Grant such other relief as it may appear that the plaintiff is entitled.

October 3, 2012

Respectfully submitted

*Jacob Shouse*

Jacob Shouse, # 1104441
Red Onion State Prison
P.O. Box 1900
Pound, VA. 24279

Jacob Shouse #101944
Red Onion State Prison
PO Box 1900
Pound VA 24279

Legal Mail



RECEIVED
OCT 09 2012
USDC Clerk's Office
Mail Room

Clerk
US Dist. Court
PO Box 1234
Roanoke VA. 24006

VIRGINIA DEPARTMENT OF CORRECTIONS
HAS NEITHER CENSORED OR INSPECTED
ITEM. THEREFORE THE DEPARTMENT
DOES NOT ASSUME ANY RESPONSIBILITY
FOR ITS CONTENTS.

02 1M
0004288536
MAILED FROM ZIPCODE 24279
$ 00.65⁰
OCT 04 2012