# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB SHOUSE, | ) | Civil Action No. 7:12-cv-00479 |
|     Plaintiff, | ) | |
| | ) | **MEMORANDUM OPINION** |
| v. | ) | |
| | ) | By: Hon. Michael F. Urbanski |
| DAVID BOHEM, <u>et al.</u>, | ) | United States District Judge |
|     Defendants. | ) | |

This matter is before the court on plaintiff's motion related to law library access and additional photocopying loans (Docket No. 27), which the court **CONSTRUES** as a motion for interlocutory injunctive relief. Upon review of the record, the court concludes plaintiff's motion must be denied.

As a preliminary injunction temporarily affords an extraordinary remedy prior to trial,[1] the party seeking the preliminary injunction must demonstrate that: (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm in the absence of preliminary relief, (3) the balance of equities tip in his favor, and (4) an injunction is in the public interest. See Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008). A showing of a "strong possibility of harm is insufficient because the standard requires a showing that harm is "likely." Id. at 22. Each of these four factors must be satisfied before interlocutory injunctive relief is warranted. Real Truth About Obama, Inc. v. FEC, 575 F.3d 342, 347 (4th Cir. 2009), vacated by, remanded by, cert. granted, 130 S.Ct. 2371 (2010) reaffirmed in part, remanded by, 607 F.3d 355 (4th Cir. 2010).

---

[1] Temporary restraining orders are issued only rarely, when the movant proves that he will suffer injury if relief is not granted before the adverse party could be notified and have opportunity to respond. See Rule 65(b), Federal Rules of Civil Procedure. Such an order would only last until such time as a hearing on a preliminary injunction could be arranged. As it is clear from the outset that petitioner is not entitled to a preliminary injunction, the court finds no basis upon which to grant him a temporary restraining order.

In support of his motion for law library access, plaintiff states that he is being denied law library access by prison officials at Red Onion State Prison. Specifically, plaintiff claims he cannot go to the library himself because he is being held in administrative segregation, and must depend on his assigned counselor and the law library facilitator to send him needed law library materials, which they refuse to do. Plaintiff asks the court to order prison officials to allow plaintiff unrestricted law library access, in accordance with Virginia law and Virginia Department of Corrections policies.

In support of his motion for additional photocopying loans, plaintiff states he needs to make additional photocopies necessary to properly litigate the instant action, but cannot afford the photocopying fees. Plaintiff states that prison policy allows a $50.00 photocopy loan, which plaintiff has already used.

Plaintiff's allegations regarding law library access and additional photocopying loans fail to demonstrate that he will suffer any irreparable harm in the absence of the requested court intervention. Plaintiff does not state any particular legal issue that requires research or otherwise explain how limited access to the law library will cause any particular harm to his ability to present his legal claims to the court for redress.[2] Further, plaintiff admits he has already had the benefit of a $50.00 photocopying loan and fails to identify any particular documents he must photocopy, or explain how being unable to photocopy these documents will cause any particular harm to his case. By order entered April 11, 2013 this court granted plaintiff's motion for an extension of time to respond to defendants' motion for summary judgment and motion to dismiss, allowing him until April 25, 2013. In plaintiff's response to defendants' motion for

---

[2] See, e.g., Lewis v. Casey, 518 U.S. 343, 351 (1996) (finding that to state civil rights claim of denial of access to the court, inmate must produce evidence that limitations of access rendered him unable to file initial pleading or caused him to submit pleadings so technically deficient that it was dismissed without consideration of the merits). If plaintiff wishes to pursue a separate lawsuit, raising a civil rights claim for denial of access to courts, he will first be required to exhaust administrative remedies on this issue to all levels of the prison's remedies procedure, pursuant to 42 U.S.C. § 1997e(a), and to consent to paying a $350.00 filing fee from his inmate trust account.

summary judgment, plaintiff may describe any additional exhibits he was unable to send due to lack of photocopying funds.

Plaintiff thus fails to satisfy all four elements of the <u>Winter</u> test, so as to warrant the interlocutory relief he seeks. Accordingly, the court will deny plaintiff's motion for interlocutory injunctive relief.

The Clerk of the Court is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and counsel of record for the defendants.

      Entered: April 16, 2013

      */s/ Michael F. Urbanski*

      Michael F. Urbanski
      United States District Judge