CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
MAY 21 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| JACOB SHOUSE, | ) |
| | ) Case No. 7:12-cv-00479 |
| Plaintiff, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| DAVID BOHEM, et. al., | ) |
| | ) By: Hon. Jackson L. Kiser |
| Defendants. | ) Senior United States District Judge |

Jacob Shouse, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983. Shouse alleges defendants David Bohem, Ella Davidson, and Tammy Jones violated his rights under the Eighth Amendment to the United States Constitution. Defendants Bohem and Davidson have filed a motion for summary judgment, to which Shouse has responded. Defendant Jones has filed a motion to dismiss and the time for Shouse's response has expired, making this matter ripe for disposition. Upon consideration of this action, I find that defendants Bohem and Davidson's motion for summary judgment should be granted in part and denied in part, and defendant Jones' motion to dismiss should be granted, as follows.

I.  Facts

Shouse alleges that defendants violated his rights under the Eighth Amendment by denying him adequate mental health treatment and medical care, by subjecting him to cruel and unusual conditions of confinement and use of excessive force, and by failing to intervene, while he was housed at Marion Correctional Treatment Center ("MCTC"). Shouse was housed at MCTC from August 16, 2011 through September 20, 2011 and June 21, 2012 through September 11, 2012, when he was transferred to Red Onion State Prison ("Red Onion"), where he is currently confined. Shouse claims that he was housed at MCTC because he was "deemed

suicidal" and in need of mental health treatment. Defendants were all employed at MCTC during Shouse's confinement. Bohem was the Warden at MCTC, Davidson, a registered nurse, was the Director of Nursing, and Jones, a family nurse practitioner, provided medical care to inmates. Specifically, Shouse's complaint asserts the following claims, all in violation of the Eighth Amendment:

> (1) Shouse claims he was denied adequate mental health treatment. He alleges that the only treatments available to him were forced medication, speaking to a Qualified Mental Health Professional for two-three minutes each day, and a monthly treatment team review meeting which lasted five to fifteen minutes. He received no therapy or treatment groups, which lower security level inmates do receive. Shouse claims that, as a result of the inadequate mental health treatment, he became "more suicidal" and his mental illness worsened.
>
> (2) Shouse claims that the conditions of confinement at MCTC constituted cruel and unusual punishment. He states he was forced to sleep on the floor, sometimes without a mat, because the cell had no bed. Shouse alleges the cell had no sink or water and he was unable to flush his toilet. He further states that his unit had spiders and insects, and the windows had open holes and cracks, allowing him to break glass and swallow window screens.
>
> (3) Shouse claims MCTC officials intimidated prisoners while administering injections by suiting up in riot gear.
>
> (4) Shouse claims that defendant Jones provided him with inadequate medical treatment by delaying providing him with a catheter on several occasions, even though he told

her he was unable to urinate and was in pain. When Jones finally provided him with a catheter, he urinated bloodclots.

(5) Shouse claims he reported Jones' failure to timely provide him with a catheter to Davidson, who did nothing.

II.     Defendants Bohem and Davidson's Motion for Summary Judgment

An award of summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For a party's evidence to raise a genuine issue of material fact sufficient to avoid summary judgment, it must be "such that a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). In making this determination, "the court is required to view the facts and draw reasonable inferences in a light most favorable to the nonmoving party." Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994).

The Prison Litigation Reform Act ("PLRA") provides, among other things, that a prisoner cannot bring a civil action concerning prison conditions until he has first exhausted available administrative remedies. Nussle v. Porter, 534 U.S. 516, 524 (2002) (interpreting 42 U.S.C. § 1997e(a)). The § 1997e(a) exhaustion requirement applies to "all inmate suits, whether they involve general circumstances or particular episodes. . .whether they allege excessive force or some other wrong," and whether or not the form of relief the inmate seeks is available through exhaustion of administrative remedies. Id. To comply with § 1997e(a), an inmate must follow each step of the established administrative procedure that the state provides to prisoners and meet all deadlines within that procedure before filing his § 1983 action. See Woodford v. Ngo, 548 U.S. 81, 90-94 (2006).

3

"[A]n administrative remedy is not considered to have been available if a prisoner, through no fault of his own, was prevented from availing himself of it." Moore v. Bennette, 517 F.3d 717, 725 (4th Cir.2008). Accordingly, on summary judgment, the district court is "obligated to ensure that any defects in exhaustion were not procured from the action or inaction of prison officials." Hill v. O'Brien, 387 F. App'x 396, 400 (4th Cir. 2010) (citing Aquilar-Avellaveda v. Terrell, 478 F.3d 1223, 1225 (10th Cir. 2007)). The burden of showing that administrative remedies were unavailable lies with the plaintiff. See, e.g., Graham v. Gentry, 413 F. App'x 660, 663 (4th Cir. 2011) ("[I]n order to show that a grievance procedure was not 'available,' a prisoner must adduce facts showing that he was prevented, through no fault of his own, from availing himself of that procedure.") (citing Moore, 517 F.3d at 725).

Defendants offer a copy of Operating Procedure 866.1, which sets out the procedure inmates in Virginia Department of Corrections prisons must follow to exhaust administrative remedies in compliance with § 1997e(a). (Docket No. 22-1) To satisfy the requirement of exhaustion, grievances must be appealed through all available levels of review prior to filing a lawsuit. There are three possible levels of review available for regular grievances including Level I (Warden responds), Level II (Regional Administrator, Health Services Director, Superintenent of Education or Chief Operations for Offender Management Services responds), and Level III (Director or Chief of Corrections Operations responds). The claims in this lawsuit are appealable through Level II.

The parties dispute whether Shouse fully exhausted his claims administratively. In support of their claim that Shouse has not exhausted his administrative remedies, defendants have submitted the declaration of C.N. Hall, the interim Grievance Coordinator at MCTC. Hall avers that Shouse submitted a regular grievance on August 28, 2012 alleging that his

4

confinement to a strip cell and special housing was causing suicidal tendencies (Grievance No. 31). On October 18, 2012, Warden Bohem issued a Level I response deeming the grievance unfounded, and Hall states Shouse did not appeal the Level I response to Level II, as required for proper exhaustion. Hall further avers that Shouse submitted a second regular grievance on August 28, 2012 asserting that he needed group therapy and other therapeutic services (Grievance No. 32). Shouse also did not appeal this Level I response to Level II, as required for proper exhaustion. According to defendants, Shouse did not submit any other regular grievances concerning the claims in his Complaint.

In response to defendants' motion for summary judgment, Shouse asserts that he exhausted his administrative remedies to the extent they were available. Shouse claims that defendant Bohem frustrated his attempts to exhaust his administrative remedies by failing to timely respond to his grievances. Shouse states that Bohem's responses were 21 days late; the responses were due on September 27, 2012, but Bohem did not respond until October 18, 2012. This allegation is supported by grievance receipts and grievance responses that Shouse attached to his response to defendants' motion for summary judgment. Shouse appealed grievances 31 and 32 to Level II on October 16, 2012, and his appeal was received on November 14, 2012. However, he received a response from Offender Management Services indicating that his grievances were incomplete, as they were not responded to by Level I. (Docket No. 31-1) Shouse states he mailed a copy of the warden's responses from Level I, and on October 18, 2012, also mailed the original Level I responses.

The record reflects that Shouse filed grievances 31 and 32 on August 28, 2012, but Bohem did not respond to these grievances until October 18, 2012. (Docket 31-1). Both of these grievances dealt with inadequate mental health treatment (claim 1), specifically that Shouse's

5

confinement to a strip cell was causing suicidal tendencies, and that Shouse needed group therapy. Shouse's response creates a material dispute of fact regarding whether Shouse attempted to appeal these grievances to Level II, but this attempt to exhaust his administrative remedies was frustrated by Bohem.[1] Accordingly, defendants' motion for summary judgment under § 1997e(a) will be denied as to plaintiff's claim regarding mental health treatment (claim 1).

However, Shouse has not made any specific arguments or filed any supporting documentation regarding the exhaustion of administrative remedies for his other claims (claims 2-5). Shouse did submit to the court a grievance that had been fully exhausted to Level II (Grievance No. 28); however, this grievance dealt with the lack of hot water in Special Housing cells, which is not a claim in his instant lawsuit. In fact, Shouse alleges in this lawsuit that his cell had no sink or water. Accordingly, I will grant the defendants' motion for summary judgment on Shouse's remaining claims on the ground that Shouse failed to exhaust the available administrative remedies pursuant to § 1997e(a), and dismiss these claims without prejudice.

III.    Defendant Jones' Motion to Dismiss

Defendant Tammy Jones filed a motion to dismiss on March 18, 2013. The court notified plaintiff of defendant's motion as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and warned plaintiff that judgment might be granted for the defendant if he did not respond to the motion by filing affidavits or other documents contradicting the defendant's evidence or otherwise explaining his claims. The notice advised plaintiff that if he did not respond to the defendant's motion in some fashion, the court would assume that he had lost

---

[1] Defendants did not address the merits of Shouse's claims in their motion for summary judgment, but asked for leave to supplement their motion to address the merits in the event that a failure to exhaust under PLRA was denied.

interest in the case or that he agreed with the defendant's arguments and would dismiss the case without prejudice for failure to prosecute.

Shouse filed a motion requesting an extension of time on April 11, 2013, which the court granted on April 11, 2013 and directed him to respond to defendants' motion for summary judgment and motion to dismiss within 14 days. The court also informed plaintiff that no additional extensions of time would be granted. Shouse filed a response to defendants Bohem and Davidson's motion for summary judgment on May 1, 2013. However, the time allotted for Shouse's response to defendant Jones' motion to dismiss has elapsed with no further communication from plaintiff. Accordingly, the claims against defendant Jones will be dismissed without prejudice.

IV. Conclusion

For the reasons stated above, I deny defendant Bohem and Davidson's motion for summary judgment under § 1997e(a) on plaintiff's claims related to denial of adequate mental health treatment (claim 1) and grant defendant Bohem and Davidson's motion for summary judgment under § 1997e(a) on all plaintiff's remaining claims. I grant defendant Jones' motion to dismiss on all plaintiff's claims.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the parties.

ENTER: this 21st day of May, 2013.

Senior United States District Judge