CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
SEP 20 2013
JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JACOB SHOUSE, <br> Plaintiff, | ) ) ) | Civil Action No. 7:12-cv-00479 |
| v. | ) ) | MEMORANDUM OPINION |
| DAVID BOHEM, et al., <br> Defendants. | ) ) ) | By: Hon. Jackson L. Kiser <br> Senior United States District Judge |

Jacob Shouse, a Virginia inmate proceeding pro se, filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 with jurisdiction vested in 28 U.S.C. § 1331 and § 1343. Plaintiff originally named as defendants David Bohem, Warden of the Marion Correctional Treatment Center ("MCTC"); Ella Davison, the Director of Nursing at MCTC; and Tammy Jones, a nurse at MCTC. I previously granted Bohem and Davidson's motion for summary judgment as to all but one claim, dismissed Plaintiff's claims against Jones, and terminated Jones as a defendant. Bohem and Davidson filed a supplemental motion for summary judgment, and Plaintiff responded, making the matter ripe for disposition. After reviewing the record, I grant Bohem and Davidson's motion for summary judgment because Plaintiff is not entitled to relief.

I.

For the remaining claim, Plaintiff alleges he was denied adequate mental health treatment while at MCTC, in violation of the Eighth Amendment of the United States Constitution. Plaintiff alleges that the only treatments available to him were forced medication, speaking to a Qualified Mental Health Professional ("QMHP") for two to three minutes each day, and a monthly treatment-team meeting that lasts five to fifteen minutes. Plaintiff alleges that he received no therapy or treatment groups, which lower security-level inmates receive. Plaintiff further alleges that he became more suicidal and his mental illness worsened as a result of the

inadequate mental health treatment. Plaintiff was subsequently transferred from MCTC to another prison.

## II.

Plaintiff fails to establish that Bohem or Davidson violated the Eighth Amendment by being deliberately indifferent to any serious mental health need. The Eighth Amendment entitles an inmate to psychological or psychiatric treatment when a physician or other health care provider determines that treatment to be medically necessary. Bowring v. Godwin, 551 F.2d 44, 47-48 (4th Cir. 1977). A prison official's deliberate indifference to an inmate's serious medical need violates the Eighth Amendment. See, e.g., Estelle v. Gamble, 429 U.S. 97, 102 (1976). A constitutional violation in this context involves both an objective and a subjective component. The objective component is met if the deprivation is "sufficiently serious," meaning a condition that "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Iko v. Shreve, 535 F.3d 225, 241 (4th Cir. 2008). The subjective component is met if a prison official is "deliberately indifferent," meaning that the official "knows of and disregards an excessive risk to inmate health or safety."[1] Farmer, 511 U.S. at 837. To bring a medical treatment claim against non-medical prison personnel, an inmate must show that such officials were personally involved with a denial of treatment, deliberately interfered with a prison physician's treatment, or tacitly authorized or were indifferent to a prison physician's misconduct. Miltier v. Beorn, 896 F.2d

---

[1] However, a claim concerning a disagreement between an inmate and medical personnel about diagnosis and treatment does not implicate the Eighth Amendment except in extraordinary circumstances. Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985). Questions of medical judgment are not subject to judicial review, and neither malpractice nor negligent diagnosis states a § 1983 claim. Estelle, 429 U.S. at 105-06; Sosebee v. Murphy, 797 F.2d 179 (4th Cir. 1986); Russell v. Sheffer, 528 F.2d 318 (4th Cir. 1975).

848 (4th Cir. 1990). However, prison personnel may rely on the medical opinions of medical staff about a proper course of treatment. Id.

Plaintiff alleges that Boehm is the Warden at MCTC and supervises staff and operations at MCTC. However, Plaintiff does not specifically allege how Boehm was deliberately indifferent to his mental health needs, and Plaintiff clearly is suing Boehm because of his supervisory position as the Warden. However, § 1983 liability is personal in nature, and liability against Boehm cannot be established merely on respondeat superior. Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978).

Nonetheless, Boehm avers that he managed the overall daily operation of MCTC as the former Warden of MCTC but had no responsibility or supervision over the actual administration of mental health services provided by medical staff. Boehm also testifies that he had no personal involvement with providing mental health care to inmates at MCTC, including Plaintiff, and that he relied on the professional judgment of qualified mental health care professionals, who provided comprehensive mental health care and treatment to offenders.

Although Plaintiff alleges that Davidson is a registered nurse, is the Director of Nursing at MCTC, and is in charge of supervision and discipline of all medical staff at MCTC, he does not specifically allege how Davidson was deliberately indifferent to his mental health needs.[2] Davidson is not a mental health provider and is not responsible for providing offenders with mental health treatment. Davidson avers that mental health treatment is provided to offenders by qualified psychiatrists, psychologists, social workers, and counselors. Davidson is not a qualified mental health care provider, has not provided any mental health treatment to Plaintiff,

---

[2] Plaintiff only alleges that he complained to Davidson about Nurse Jones delaying treatment for his inability to urinate, but I already dismissed that claim because Plaintiff did not exhaust available administrative remedies.

3

has not made any decisions regarding Plaintiff's mental health care or treatment, and was not on Plaintiff's treatment team.

Accordingly, Plaintiff is not entitled to relief because he does not establish that Bohem or Davidson was deliberately indifferent to a serious need for mental health treatment.[3] Defendants are, thus, entitled to summary judgment.

## III.

For the foregoing reasons, I grant Bohem and Davidson's motion for summary judgment.

The Clerk is directed to send copies of this Memorandum Opinion and the accompanying Order to the parties.

**ENTER**: This 26th day of September, 2013.

Senior United States District Judge

---

[3] Furthermore, Bohem and Davidson are protected from damages in their individual capacities by qualified immunity and are protected from damages in their official capacities by the Eleventh Amendment. See, e.g., Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982); Gray v. Laws, 51 F.3d 426, 430 (4th Cir. 1995). Moreover, Plaintiff's transfer from MCTC moots his requests for injunctive relief with respect to the conditions of confinement he experienced at MCTC. See, e.g., Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).